SHORES, Justice.
Roberta Cowley is a niece of Rebecca Doolittle and is executrix under the will of Rebecca Doolittle, deceased. She filed an action for declaratory judgment asking for a declaration of ownership of two certificates of deposit purchased by the decedent before her death and executed and delivered by her to Mae Cowley, Mrs. Doolittle’s sister-in-law, prior to her death.
The trial court found that the certificates were the property of the estate. Mae S. Cowley appealed. We reverse.
The single issue presented here is whether Mrs. Doolittle made an inter vivos gift of the certificates to Mae Cowley. We hold that she did.
By statute (§ 35-4-97, Code 1975) and case law, the elements necessary to a gift of personalty inter vivos have been described as follows from Collins v. Baxter, 231 Ala. 247, 164 So. 61 (1935), quoting liberally from 28 Corpus Juris:
“A clear and unmistakable intention on the part of the donor to make a gift of his property is an essential requisite of a gift inter vivos. And this intention must be inconsistent with any other theory.... The intention must be executed by a complete and unconditional delivery. ... In order to constitute an effectual delivery the donor must not only have parted with the possession of the property, but he must also have relinquished to the donee all present and future dominion and control over it, beyond any power on his part to recall.... But there must be a clear surrender of the right and of the dominion in contradistinction to a promise or an intention to surrender. There must be no reservation of any control over the property, and nothing must remain to complete the delivery.”
Collins v. Baxter, 231 Ala. at 250, 164 So. 61.
There are no allegations of fraud or undue influence involved in this case, and no claim that Mrs. Doolittle was mentally incompetent to make a gift.
*382 It is undisputed that she directed Mae Cowley to bring the certificates from Mrs. Doolittle’s home to the hospital. There she called the bank and informed a bank employee that she was going to endorse the certificates and deliver them to Mae Cowley. She did endorse the certificates and deliver them to Mae Cowley in the presence of at least three persons. Two of these were also relatives of Mrs. Doolittle, who testified that she delivered them to Mae Cowley and said they were hers to do with as she wanted. She could either convert them to cash or keep them until maturity and earn the interest. The third person in the room, Mrs. Doolittle’s pastor, testified that he understood that the certificates were to be placed in a safety deposit box and used for Mrs. Doolittle’s surgery, if she needed them.
It is not disputed that the certificates were signed and delivered to Mae Cowley, who did place them in her own safety deposit box. Thereafter, on at least three occasions, Mrs. Doolittle told people that she had given the certificates to Mae Cowley and stated that she wanted Mae to have them. There is no dispute that the certificates were endorsed and physically delivered to Mae Cowley. Only Rev. Howell and the bank employee, Mrs. Bence, testified that they understood the certificates were to be used for surgery, if needed, and if not, according to Mrs. Bence, then they were to be Mae Cowley’s.
Mrs. Doolittle never had the surgery, and Mae Cowley has had possession of the executed certificates at all times since Mrs. Doolittle endorsed and delivered them to her.
The appellee states her position as follows in brief:
It is the plaintiff appellee’s contention that there was no gift because Mrs. Doolittle, when she endorsed the certificates and delivered them to the defendant, stated that they were to be used for her operation, if necessary but if it was not necessary, then they would belong to the defendant [Mae Cowley].
Thus, the only difference in the testimony of all of the witnesses is that two of them, Rev. Howell and Mrs. Bence, testified that they were to be used for the operation, if necessary, and if not, they were to be Mae’s. The others testified that the gift to Mae was outright, with no mention of using the funds for the operation, if necessary. It is undisputed, however, that the operation never took place and, thus, the condition, if any, to the gift never took place. Thus, under either version of the testimony, the gift to Mae Cowley was valid.
[T]he mere fact that a gift is accompanied by a condition or qualification not inconsistent with the vesting of title in the donee does not necessarily render it invalid.
38 Am.Jur.2d Gifts § 81 (1968).
Under the undisputed facts, the gift was completed with the delivery of the certificates. Mrs. Doolittle parted with all dominion and control at that time. Even if this completed gift were conditioned upon the donee’s agreement to use the money for the operation, if necessary, that condition never arose and does not destroy the validity of the gift.
At 38 C.J.S. Gifts § 36 (1943), the following statement of the rule appears:
The mere fact that a gift is accompanied by a condition or qualification, not inconsistent with the vesting of title in the donee, does not necessarily render it invalid. Thus, a gift is not invalid because made on condition that the donee support the donor if necessary. ...
Here the condition subsequent never occurred. Thus, the gift was valid:
Where there is an absolute present gift of certificates of deposit by means of delivery of the certificates endorsed and the surrender by the donor of possession to the donee, a reservation of interest . . . does not destroy the effect of the transaction as a present gift.
38 C.J.S. Gifts § 52 (1943).
The judgment of the trial court is reversed, and the cause remanded.
REVERSED AND REMANDED.
TORBETT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.